UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. WAHEED CHAUDRY,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; TODD MCCRACKEN; LUZETTE WARNER; ELIZABETH MILLER; ALEJANDRO CHAVIRA, AND Does 1 through 25,<br><br>                              Defendant. | Case No.: 21cv1847-GPC(AHG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE JUDGMENT**<br><br>[Dkt. No. 31.] |

Before the Court is Plaintiff's motion to alter, amend, or vacate judgment entered on September 21, 2022 pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Rule 60. (Dkt. No. 31.) Defendants Todd McCracken and Luzette Werner ("Assessor Defendants") filed an opposition. (Dkt. No. 34.) Defendants County of San Diego, Alejandro Chavira and Elizabeth Miller filed a notice of joinder with Assessor Defendants' opposition. (Dkt. No. 35.) After the Court granted Plaintiff's request for an extension of time, on November 28, 2022, Plaintiff filed a reply.[1] (Dkt. No. 38.) The

---

[1] While Plaintiff's reply was due on November 25, 2022, (Dkt. No. 37), Plaintiff filed it late on November 28, 2022. (Dkt. No. 38.) On November 29, 2022, Plaintiff filed a request for relief from his

1

Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1).  Based on the reasoning below, the Court DENIES Plaintiff's motion to alter, amend or vacate judgment.

## Background

Plaintiff A. Waheed Chaudry ("Plaintiff"), proceeding pro se, filed a complaint against Defendants County of San Diego, Todd McCracken, Luzette Werner, erroneously sued as Luzette Warner, Elizabeth Miller and Alejandro Chavira (collectively "Defendants") for violations of federal and state laws related to a dispute with his California property tax assessment and Defendants' alleged unconstitutional administration of the state tax system governing assessment appeals.  (Dkt. No. 1, Compl.)

On September 20, 2022, the Court granted Defendants' motions to dismiss for lack of subject matter jurisdiction and dismissed the complaint with prejudice.  (Dkt. No. 27.) The Court concluded that Plaintiff's claims challenging Defendants' alleged unconstitutional administration of the state tax system governing his assessment appeal were barred by the Federal Tax Injunction Act because his claims interfere with the administration of the state tax system and California provides a plain, speedy and efficient remedy in state court.  (*Id.* at 9-15.)

Plaintiff moves to alter, amend or vacate the judgment arguing that the Court committed clear error under Rule 59(e) and Defendants' counsel committed fraud in obtaining the judgment pursuant to Rule 60(b)(3) and committed fraud on the Court pursuant to Rule 60(d).  (Dkt. No. 31-1.)  Defendants respond that Plaintiff has failed to meet the standard on reconsideration under both Rules 59 and 60 and merely expresses his dissatisfaction with the Court's order.  (Dkt. No. 34.)

/ / /

---

late reply filing pursuant to Rule 6.  (Dkt. No. 39.)  Having found good cause, the Court grants Plaintiff request for leave to file his reply late.

2

21cv1847-GPC(AHG)

## Discussion

### A. Legal Standard on Motion to Alter, Amend or Vacate Judgment

A district court may reconsider a final, appealable order under either Federal Rule of Civil Procedure ("Rule") 59(e) or Rule 60(b). *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders").

Under Rule 59(e), reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). A court commits clear error when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (*per curiam*) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. "A district court has considerable discretion" when considering a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Rule 60(b)(3) provides for reconsideration upon a showing of fraud. Fed. R. Civ. P. 60(b)(3). In addition, Rule 60(d)(3) allows the Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

### B. Rule 59(e)

Plaintiff argues that, under Rule 59(e), the Court committed clear error by stating that Defendants presented a facial challenge on subject matter jurisdiction, thereby

relying on the allegations in the complaint, yet the Court also granted Defendants' request for judicial notice including documents that were not even referenced in the complaint. (Dkt. No. 31-1 at 7.[2])  He also contends that because Defendants attacked the veracity of every allegation in his complaint, their Rule 12(b)(1) challenge was factual.  (*Id.* at 7-8.)  Finally, Plaintiff maintains Defendants, in their reply on the motion to dismiss, cited 31 new authorities, and when he filed a motion to strike the reply, or in the alternative to file a sur-reply, the Court struck Plaintiff's motion and further vacated the hearing which deprived Plaintiff with an opportunity to address the 31 new cases.  (*Id.* at 9.)  Defendants respond that even if the Court erred by stating the Defendants brought a facial challenge under Rule 12(b)(1), under a facial review, all reasonable inferences are made in Plaintiff's favor; therefore, he cannot argue the result was manifestly unjust.  (Dkt. No. 34 at 3-4.)  They also argue that Plaintiff provides no authority that Defendants are barred from citing to new authorities that further support their arguments in reply.  (*Id.* at 4.)

Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction and the challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  When evaluating a facial attack, the court assumes the truth of the complaint's allegations and draws all reasonable inferences in plaintiff's favor.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Id.; McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

---

[2] Page numbers are based on the CM/ECF pagination.

On the motion to dismiss, Defendants did not articulate whether they raised a facial or factual claim on their Rule 12(b)(1) motion. Because they did not rely on extrinsic evidence to support their motion, the Court concluded that "Defendants appear to present a facial dispute as to the subject matter jurisdiction relying on the allegations in the complaint." (Dkt. No. 27 at 9.) The Court did not commit clear error by making that assertion even though it granted Defendants' request for judicial notice.

Considering documents subject to judicial notice is not inconsistent with a facial challenge on subject matter jurisdiction. *See Central Delta Water Agency v. U.S. Fish and Wildlife Serv.*, 653 F. Supp. 2d 1066, 1079 (E.D. Cal. 2009) (considering public records that could be judicially noticed in deciding a Rule 12(b)(1) facial attack); *Maciel v. Rice*, No. CV–F–07–1231–LJO–DLB, 2007 WL 4525143, at *2 (E.D. Cal. Dec. 18, 2007) ("In a facial attack, subject matter jurisdiction is challenged solely on the basis of the allegations contained in the complaint (along with any undisputed facts in the record or of which the court can take judicial notice)"). Thus, Plaintiff has not demonstrated that the Court committed clear error by reviewing Defendants' Rule 12(b)(1) as a facial challenge and considering judicially noticed documents.

Next, Plaintiff argues that Defendants presented a factual challenge because they disputed each and every allegation in the complaint. The Court disagrees. In their motion, Defendants did not challenge the truth of the factual allegations in the complaint but only challenged Plaintiff's interpretation or the significance placed on the factual allegations. Therefore, Plaintiff's argument that Defendants brought a factual challenge is not supported.

Finally, raising authority in a reply that were not raised in the motion is not barred as long as there are no new facts or different legal arguments. *See e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (The "court need not consider arguments raised for the first time in a reply brief."); *Viasat, Inc. v. Acacia Commc'ns, Inc.*, No. 316CV00463BENJMA, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018) (denying motion for leave to file a sur-reply and explaining "[i]n the Court's view, Acacia's reply

simply responds to the arguments ViaSat raises in its opposition, which is in keeping with the nature and purpose of a reply"). Here, Defendants' reply did not raise any new facts or arguments.

Further, the Court struck Plaintiff's motion to strike the reply because it received the motion after the motion to dismiss had been fully briefed and judgment had already been entered. Moreover, Plaintiff's motion to strike was not procedurally proper as he did not timely seek leave to file a motion to strike. Additionally, in striking Plaintiff's motion, the Court addressed Plaintiff's arguments in its order. (*See* Dkt. No. 30.) Finally, the Court exercised its discretion to submit the motion to dismiss on the papers. *See* Local Civ. R. 7.1(d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument."). Plaintiff has not shown that the Court committed clear error in its rulings.

Lastly, Plaintiff contends that the Court erred by stating that Plaintiff challenged a procedural ruling and not a substantive ruling of the Board but he does not explain why the statement was clear error. (Dkt. No. 31-1 at 15.) Whether Plaintiff's challenge was procedural or substantive is of no consequence because his claims are nonetheless barred pursuant to the Federal Tax Injunction Act. (*See* Dkt. No. 27 at 14.) The Court's ruling did not rest on the fact that Plaintiff's challenge was to a procedural ruling.

Accordingly, in sum, the Court DENIES Plaintiff's motion to vacate, alter or amend judgment under Rule 59(e). Because the Court denies Plaintiff's motion, the Court also denies his request that the Court consider his declaration and attached exhibits filed in opposition to Defendants' motion to dismiss.

**C.    Rule 60(b)(3) and Rule 60(d)**

Plaintiff argues that Defendants' counsel, by arguing that Findings of Fact are not necessary for judicial review, have committed fraud under Rule 60(b)(3) and also perpetrated fraud on the Court under Rule 60(d) because they knew or should have known that Findings of Fact are necessary for judicial review as it is clearly written in their pamphlet and publications. (Dkt. No. 31-1 at 11-12.) He claims that defense

counsel knowingly and intentionally misled the Court and they are judicially estopped from taking inconsistent opinions. (*Id.* at 14-15.) Defendants respond that they do not dispute the content in the County's pamphlet about written Findings of Fact but argue that in their reply they stated that "review of an AAB[3] decision in the superior court is not contingent on the existence of written findings." (Dkt. No. 34 at 5.)

Rule 60(b)(3) provides that a party may move for relief from judgment on the basis of "fraud, . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987). In addition, Rule 60(d) provides that a court may set aside a judgment based on "fraud on the court." Fed. R. Civ. P. 60(d)(3). "Fraud on the court" is "fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented by adjudication." *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989) (citation omitted). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." *United States v. Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (internal quotations omitted). "Inconsistent testimony by a witness is not the type of fraud upon the court that could reopen a judgment." *Becker v. Cresst,* 24 F.3d 244, 1994 WL 142968, at *2 (9th Cir. 1994). Generally, non-disclosure, or perjury by a party or witness, does not alone amount to fraud on the court. *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). Courts should narrowly read "fraud on the court" to preserve final judgments. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006).

---

[3] Assessment Appeals Board.

      The County of San Diego's pamphlet on Assessment Appeals states, "[w]ritten Findings of Fact is a written summary of the AAB's decision and is usually needed only if you intend to appeal an adverse ruling to the superior courts."  (Dkt. No. 33, Pl's Not. of Errata, Ex. 2 at 30.)  California State Board of Equalization Publication 30 states that "[y]ou may request a written summary of the facts and evidence used by the appeals board in reaching its decision on your appeal.  These 'findings of facts' are necessary if the board's decision is not in your favor and you intend to appeal in superior court . . . ." (*Id.*, Ex. 1 at 18.)

      In the underlying motion to dismiss, Defendants replied that a "[r]eview of an AAB decision in the superior court is not contingent on the existence of written findings but rather the finality of the decision."  (Dkt. No. 25 at 4.)  Further, they argued that even if there is no adequate remedy at law, California Code of Civil Procedure section 1086 provides taxpayers with relief through a writ of mandate.  (Dkt. No. 8 at 17.)

      As explained in the Court's order, the absence of written Findings of Fact does not bar judicial review in state court.  (Dkt. No. 27 at 14.)  Therefore, Defendants' reply assertion that review of the AAB's decision is not contingent on the existence of written findings was not false or fraudulent.  However, the Court recognizes that the absence of Findings of Fact will likely affect an appellant's ability to bear his or her burden.  (*See id.*)

      Nonetheless, California provides a plain, speedy and efficient remedy for taxpayers to challenge their residential property tax, and if there is no adequate remedy at law, taxpayers may seek relief through a writ of mandate under California Code of Civil Procedure section 1086.  (*Id.* at 11-14.)  As such, the Court ruled that Plaintiff's challenges were barred by the Federal Tax Injunction Act as well as under the doctrine of comity.  (*Id.* at 9-13.)  Accordingly, the Court DENIES Plaintiff's motion under Rule 60(b) and 60(d) and also DENIES Plaintiff's request for leave to file an amended complaint.

/ / /

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion to alter, amend, or vacate judgment pursuant to Rule 59(e) and Rules 60(b) and 60(d).

IT IS SO ORDERED.

Dated:  December 13, 2022

Hon. Gonzalo P. Curiel
United States District Judge